Porter, J.
delivered the opinion of the court. On the trial of this cause in the court below, the plaintiff offered in evidence certain depositions, taken by virtue of a commission directed to one J. Manager, of Mobile. The defendant opposed their introduction, and after argument, the court sustained the objection, and gave judgment as of non-suit in the cause.
*247 The plaintiff filed a bill of exceptions to the opinion, and took an appeal.
The objections now urged to the reading of these depositions are; 1. That the return to the commission, as a written proof, ought to contain within itself, without any deficiency, the evidence of its own authenticity and regularity. That the notice given by the commissioner to the defendant’s partner, is defective, in not stating on what day the witness would be examined; and, that the other notice, served on defendant’s attorney, should be wholly disregarded ; the law requiring it to be given to the party himself.
On this subject, as well as all others where we have the advantage of statutory regulations of our own legislature, it is unnecessary to look into authorities drawn from other and different sources, and it is only when the language of the statute is obscure, or when its provisions are inadequate, or fall short of the case to be acted on, that we can, with propriety, call to our aid, the opinion of other tribunals; or, that we can correctly resort to legal analogies as the basis of our decision.
On examining the first objection made by *248 the defendant, we find, that in the different acts passed on the subject of taking depositions, 2 Martin’s Dig. 178, n. 16, & 194, n. 10; also, an act to amend the several acts, enacted to organise the courts of this state, sec. 7, passed the 28th of January, 1817, it is provided, that the testimony of witnesses may be taken under a commission, and may be read in evidence after previous reasonable notice of the time and place of taking them, being given to the opposite party. And by the first act passed on the subject, permission is not only given to prove the fact of this notice, by evidence, other than the commissioner’s return, but a different manner of establishing it, is actually prescribed. The words of the statute are, “ If the party producing the deposition shall prove by affidavit, that notice was given to the adverse party,” &c. &c. then the said deposition may be read. So far then, from it being indispensable, that the commission shall contain, within itself, proof of the opposite party being duly notified, the expressions are positive, that it shall be proved by other evidence, and in a case where the testimony is taken under this act, there can be no doubt, but proof by affidavit, is the best evidence which can be produced.
*249 It is true, that the provisions of the statute just referred to, extend only to the taking of testimony de bene esse, where the witnesses reside within the limits of the state; and that the subsequent acts of our legislature already cited, do not prescribe in what manner service of the notice on the adverse party shall be established, so as to authorise the reading of the depositions taken under them. But as notice is required, it, of course, becomes necessary, that it shall be proved. The question recurs, in what manner; we think in the same manner as when the witnesses reside within the state, and their depositions are taken under the authority of the act whose provisions have been already quoted. It would be, indeed, strange, if we were obliged to have two rules on this subject: that when the witnesses live within the limits of the state, and their testimony is taken under commission, the fact of the opposite party being notified, must appear by affidavit; when taken abroad, by the certificate of the commissioner.
The act of congress cited by defendant’s counsel, cannot affect us in forming a conclusion on this subject. It is a particular law, prescribing the practice to be pursued in the *250 courts of the United States. It expressly provides, that proof of notice to the adverse party, shall be given by the commissioner. Our own statute says, it shall be made appear by affidavit. We need not ask, reasoning from analogy, which of these laws we are to resort to, or which of their provisions we are called on to adopt and make our own.
The cases to which the court have been referred to, in 2 Henry & M'Harris, 172; and 2 Washington, 75, have been looked into. The first turns, as it is expressly stated in the report, on a statute of Maryland. The latter was decided on the ground, that the depositions offered on the trial, in the court below, had been objected to, and that it did not appear in the appellate court, from any thing in the record, that notice had been given to the party against whom the depositions were read.
If our statute had not prescribed a rule which we can safely follow, and we were now called on, in the absence of any authority, to establish one, we should feel great reluctance to adopt that pressed on us by the defendant, as correct. If the commissioner, as is contended, should have proof furnished to him before he examines the witnesses, that notice *251 was given to the opposite party, and that it is then his duty to certify that proof back to this court, this would not be so good evidence of the fact, as the affidavit of a witness who served it. Should it, on the other hand, be required, that the commissioner must give the notice himself, or direct it to be given, this, in many cases, would produce the greatest inconvenience, as the party may live at a great distance from the place where the witnesses reside, and the testimony has to be taken. Nor is there any good reason why this mode should be pursued; the proof can be got as safely and as certainly from those who served the notice, as it can be in the manner contended for. As the party whom it is necessary to notify, must, at all events, have reasonable previous information, when the testimony is to be taken. It cannot, in any way, affect his interests. Why then require particular species of proof, which, without attaining any essential object, would cramp and impede the administration of justice?
We conclude, therefore, that it is not necessary that it should appear by the return of the commissioner, that notice is given to the adverse party; and we are of opinion, *252 that the fact may be established, as it has been done in this case, by affidavit.
The next objection taken by the defendant, viz. the want of a particular day on which the testimony would be taken, being inserted in the notice received from the commissioner, is correct. There can be no doubt, that a notification, which professes to be given (as the law requires it should be) with the intention of informing the adverse party of the time and place of doing a certain act, and yet fails to state the day on which that act is to be performed, must, on every principle of good sense, as well as law, be considered as defective and illegal.
It now only remains to consider, whether service of notice on the attorney is good, and if it is not, whether the circumstance of the defendant being absent from the state, does not take it out of the ordinary rule.
The plaintiff insists, that such service is good, and independent of the general rule relied on by him, that notice to the agent is notice to the principal, for whatever relates to the business for which that agent is employed, he has cited Curia Philipica, juicio civil, 1, sec. 12, n. 11, to prove, that in all cases after issue *253 joined, notices of the various acts necessary to carry on a cause to final judgment, must be made on the attorney, and not on the party. Whatever may have been the general rule on that subject in Spain, it is not believed, as it will be hereafter shewn, that it extended to the act of giving notice when testimony was to be taken under a commission. But waving that question for the moment, our statutes already cited, have certainly introduced a different regulation here, as in every act passed on the subject, it is required, that notice should be given to the party.
But if the person whom it is thus necessary to notify, leaves the state, or conceals himself, ought not these circumstances, or either of them, authorise service on the attorney ? We think they ought. The statute must have a reasonable construction. It certainly was not the intention of the legislature to require notice to the party, when, from his own act, it becomes impossible to serve it on him. Nor could it have been their intention, that because it became thus impossible, by reason of his absence, or concealment, that therefore the cause was never to be tried. Yet, this may, and in many cases will be the conse *254 quence, if the act is literally pursued ; for it is plain, that if service, in all cases, must be made on the party, then it will be in the power of either plaintiff or defendant, at their pleasure, to prevent the cause in which they are engaged from being terminated, and thus entirely frustrate the ends of justice. A construction, leading to such consequences, should be avoided, if possible. Nothing could induce this court to adopt it, but the will of the legislature unequivocally expressed. In the language of the supreme court of the United States, “ When the literal expressions of the law lead to absurd, unjust, or inconvenient consequences, such a construction should be given as to avoid these consequences, if from the whole purview of the law, and giving effect to the words used, it may be fairly done.” 2 Cranch. 386, 399.
We adopt this construction the more readily in this case, because the general law on this subject in Spain, was the same as that contained in the acts of our legislature, already referred to. When the testimony of witnesses residing out of the jurisdiction of the court who tried the cause, was taken then by virtue of a commission, directed to another judge, *255 the rule was to cite the opposite party, if absent; however, notice to his attorney was good, Febrero addicionada, par. 2, lib. 3, cap. 7, no. 326. Our statute only re-enacts the general law, and leaves the exception untouched.
An authority has been read from 4 Mumford, to shew that when the principal is absent from the commonwealth, that service on the attorney-at-law is not good, that it ought to be given to the agent or attorney, in fact, or if there is none, by publication in the manner prescribed by law. This is a decision under a particular statute. See Revised Code, Virginia Laws, vol. 2, p. 521, sec. 21, in a country where the law has provided a remedy by publication, for the absence of the party, the very evil which is one of the principal reasons that induces this court to hold the service on the attorney good. We have already seen what is the practice in Spain, in regard to taking testimony in this way, and we have no doubt, that both reason and authority require us to sanction and enforce it here.
We conclude therefore, that notice to take depositions, must, in all cases, be given to the parties, if they are in the state. And that if they are absent, or cannot, after reasonable *256 diligence, be found, that service may be made on the attorney.
Applying this rule to the case now before the court, we find that both plaintiff and defendant are citizens of other and different states, and it has been proved, that at the time notice was given to the attorney, the defendant did not reside in this state, but was in Mobile, state of Alabama. Under these circumstances, we are of opinion that notice was legally and regularly given to the attorney, and that the plaintiff is entitled to derive the same benefit from it, as if served on the defendant himself.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that the cause be remanded, with directions to the judge, to receive in evidence, the testimony taken under a commission, directed to John Manager, of Mobile, unless some other legal objection is made to its introduction, besides the want of due and regular notice to the defendant. It is further ordered, adjudged, and decreed, that the appellee pay the costs of this appeal.